IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 4:17-CR-00161-RBH |
| v. | |
| BENJAMIN THOMAS SAMUEL MCDOWELL | **PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 26th day of February, 2018, between the United States of America, as represented by United States Attorney BETH DRAKE, Assistant United States A. Bradley Parham; the Defendant, **BENJAMIN THOMAS SAMUEL MCDOWELL**; and Defendant's attorney, William F. Nettles, IV.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count 1 of the Indictment now pending, which charges, Felon in Possession of a Firearm, a violation of Title 18, United States Code, Section 922(g)(1).

In order to sustain its burden of proof, the Government is required to prove the following:

### Count 1– 18 U.S.C. § 922(g)(1)

(A)   That at the time of the offense the Defendant had been convicted of a felony, that is, a crime punishable by a term of imprisonment exceeding one year;

(B)   That the Defendant knowingly possessed a firearm; and

(C)   That the possession of the firearm was in or affecting commerce, because the firearm or ammunition itself had traveled in interstate or foreign commerce at some point during its existence.

### Possible Penalties for 18 U.S.C. § 922(g)(1)

Maximum term of 10 years' imprisonment, maximum fine of $250,000, maximum period of supervised release of 3 years, and a special assessment of $100.

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m), and 2259(b)(2).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A. Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid ~~at or before the time of the guilty plea hearing~~ during participation in the inmate financial responsibility program.

    B. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails

2

to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

### Merger and Other Provisions

4. The Defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

5. If the Defendant complies with all the terms of this Agreement, both parties agree that, under the United States Sentencing Commission Guidelines, the Defendant's properly calculated offense level is 14 prior to receiving any credit for acceptance of responsibility.

*See* USSG §2K2.1. If the Court determines that the Defendant should receive credit for acceptance of responsibility, the Defendant's properly calculated offense level is 12. *See* USSG §3E.1.1. The Defendant understands that this stipulation of the calculated offense level under the Guidelines is not binding upon the Court or the United States Probation Office, and that the Defendant has no right to withdraw his plea should this stipulated offense level not be accepted. Further, the Defendant understands and acknowledges that this stipulation is binding on the Government only in the event that the Defendant complies with all of the terms of this Agreement.

6. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, agrees to waive the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255, as long as the Defendant's sentence is within a guideline range based on a post-acceptance offense level of 12, regardless of the criminal history category. (This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct raised pursuant to 28 U.S.C. § 2255.)

7. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

4

8.  The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

2-5-18
DATE

Benjamin M Dowell
**BENJAMIN THOMAS SAMUEL MCDOWELL,**
DEFENDANT

2-5-18
DATE

WILLIAM F. NETTLES, IV
ATTORNEY FOR THE DEFENDANT

BETH DRAKE
UNITED STATES ATTORNEY

2/26/18
DATE

A. BRADLEY PARHAM
ASSISTANT UNITED STATES ATTORNEY

# U. S. DEPARTMENT OF JUSTICE

# Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement</u>.

| ACCOUNT INFORMATION ||
|---|---|
| **CRIM. ACTION NO.:** | 4:17-CR-00161-RBH |
| **DEFENDANT'S NAME:** | **BENJAMIN THOMAS SAMUEL MCDOWELL** |
| **PAY THIS AMOUNT:** | $100.00 |
| **PAYMENT DUE ON OR BEFORE:** | (date plea agreement signed) |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
**Clerk, U.S. District Court**
**Matthew J. Perry, Jr. Courthouse**
**901 Richland Street**
**Columbia, SC 29201**

OR HAND DELIVERED TO:
**Clerk's Office**
**Matthew J. Perry, Jr. Courthouse**
**901 Richland Street**
**Columbia, SC 29201**  (Mon. – Fri. 8:30 a.m.– 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER* (**<u>Do Not send cash</u>**)

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*