Prob 12C
(Rev. 10/20 - D/SC)

# United States District Court

for

District of South Carolina

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Benjamin Thomas Samuel McDowell           **Case Number:** 4:17CR00161-001

**Name of Sentencing Judicial Officer:** The Honorable R. Bryan Harwell, Chief United States District Judge

**Date of Original Sentence:** July 11, 2018

**Original Offense:** Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)

**Original Sentence:** The defendant was committed to the custody of the United States Bureau of Prisons for 33 months followed by a three-year term of supervised release. The following special conditions were imposed: 1) For the first year of supervision, the defendant shall be on home confinement with electronic monitoring. He shall reside with a relative, preferably one of his grandparents if available; alternatively, the Court will consider a family friend like Mr. Floyd who spoke to the Court at sentencing. The defendant shall contribute to the costs of the electronic monitoring not to exceed an amount determined reasonable by the Court approved "U.S. Probation Office's Sliding Scale for Services", and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid; 2) The defendant shall satisfactorily participate in a drug testing program as approved by the U.S. Probation Office. The defendant shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the Court approved "U.S. Probation Office's Sliding Scale for Services", and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid; 3) The defendant shall satisfactorily participate in a mental health treatment program as approved by the U.S. Probation Office. The defendant shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the Court approved "U.S. Probation Office's Sliding Scale for Services", and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid; 4) The defendant shall participate in a vocational services program and follow the rules and regulations of that program. Such a program may include job readiness training and life skills development training. The defendant shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the Court approved "U.S. Probation Office's Sliding Scale for Services", and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid; and 5) The defendant shall pay a special assessment fee $100 (satisfied October 15, 2018).

**Type of Supervision:** Supervised Release           **Date Supervision Commenced:** July 19, 2019

**Assistant U.S. Attorney:** A. Bradley Parham           **Defense Attorney:** William F. Nettles, IV

**Previous Court Action/Notification(s):** On June 2, 2020, the Court was notified that Mr. McDowell admitted to using Suboxone without a valid prescription on October 2, 2019. The Court was also advised that Mr. McDowell continued to attend mental health and substance abuse counseling with Agape Counseling in Conway, South Carolina. Your Honor agreed with the recommendation to hold the violation in abeyance.

♦Prob 12C                                                                                                                     Page 2
(Rev. 10/20 - D/SC)

On December 16, 2020, the Court was notified that Mr. McDowell admitted to using marijuana on three separate occasions in October of 2020. At that time, the Court was advised that Mr. McDowell continued to attend mental health and substance abuse counseling with Agape Counseling in Conway, South Carolina. Your Honor agreed with the recommendation to hold the violation in abeyance.

On January 26, 2021, the U.S. Probation Office requested Your Honor issue a summons for the following violations: (1) Use of Illegal Drugs (Suboxone and Marijuana); and (2) Failure to Comply with Mental Health Treatment. Your Honor agreed with the recommendation.

On May 13, 2021, Mr. McDowell appeared before Your Honor for a revocation hearing. At that time, Your Honor held all violations in abeyance and modified Mr. McDowell's conditions to include the completion of 100 hours of community service. He successfully completed his community service on June 9, 2021.

On October 21, 2021, the Court was notified that Mr. McDowell's grandmother, Carolyn Clewis, accused him of assault and battery. The Court was advised that Ms. Clewis contacted local law enforcement and that the officer declined to file formal charges upon further investigation. On October 25, 2021, Your Honor agreed with the recommendation to hold the violation in abeyance since no formal charges were filed and Mr. McDowell moved out of his grandmother's residence.

On March 9, 2022, the Court was notified that Mr. McDowell submitted a drug screen on January 20, 2022, which tested positive for marijuana. The Court was advised that Mr. McDowell admitted to using Delta-8, a legal form of cannabinoid which can test positive for marijuana. Your Honor agreed with the recommendation to hold the violation in abeyance and allow Mr. McDowell's supervision to expire as scheduled on July 18, 2022, provided he complied with his conditions of supervision.

On April 19, 2022, the Court was notified that during a home contact on April 7, 2022, Mr. McDowell admitted to using marijuana the previous week. Your Honor agreed with the recommendation to hold the violation in abeyance to give Mr. McDowell the opportunity to participate in the transitional program at the House of Hope Men's Shelter in Florence, South Carolina.

## PETITIONING THE COURT

☒     To issue a warrant (petition and warrant to remain under seal)

☐     To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Use of Illegal Drugs (Marijuana, Methamphetamine, and Suboxone):**<br>a. On October 2, 2019, Mr. McDowell admitted to using Suboxone without a valid prescription. He admitted to obtaining the Suboxone from a friend.<br>b. During a telephone conversation on October 15, 2020, Mr. McDowell admitted to using marijuana a few days prior to the call.<br>c. During a virtual contact with Mr. McDowell and his counselor on October 30, 2020, Mr. McDowell admitted to using marijuana the previous night. |

≈Prob 12C  
(Rev. 10/20 - D/SC)

Page 3

    d. During a telephone conversation on November 11, 2020, Mr. McDowell admitted to using marijuana after speaking with this officer on October 30, 2020.
    e. On January 11, 2021, Mr. McDowell submitted a drug screen which was later confirmed as being positive for marijuana by Alere Toxicology Services, Inc. He admitted to using the drug on January 10, 2021.
    f. On January 20, 2022, Mr. McDowell submitted a drug screen which was later confirmed as being positive for marijuana by Alere Toxicology Services, Inc.
    g. During a home contact on April 7, 2022, Mr. McDowell admitted to using marijuana the week before the contact.
    h. During a home contact on June 30, 2022, Mr. McDowell admitted to using methamphetamine on June 26, 2022, and signed an Admission of Drug Use form indicating his use of the drug.

2     **New Criminal Conduct: Assault and Battery (No Formal Charge or Indictment):** On October 14, 2021, Carolyn Clewis, Mr. McDowell's grandmother, contacted this officer from her daughter's residence and advised that Mr. McDowell threatened her the previous evening. Ms. Clewis stated that during the argument, Mr. McDowell stood over her chair, balled his fists at her, and stated he should "bash her brains out." She further stated Mr. McDowell threw their small dog approximately 20 feet from the living room to the dining room during the altercation. Although she did not try to leave the residence that evening, Ms. Clewis stated she felt as though Mr. McDowell would not allow her to leave. Later that afternoon, Ms. Clewis contacted the Horry County, South Carolina, Police Department to report the incident. An officer met with Ms. Clewis at the residence to retrieve some belongings. Upon further investigation, the officer declined to charge Mr. McDowell with assault, and no incident report was completed. Ms. Clewis reported to the U.S. Probation Office on October 15, 2021, and signed a written affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   July 11, 2022

Krista M. Robertson  
U.S. Probation Officer  
Florence Office

Reviewed and Approved By:

Michelle T. Owens  
Supervising U.S. Probation Officer

Prob 12C  
(Rev. 10/20 - D/SC)

Page 4

## THE COURT ORDERS:

☐ No action.

☒ The issuance of a warrant.

☒ The Petition and Warrant shall remain under seal until served by the United States Marshal Service.

☐ The issuance of a summons.

## BOND CONSIDERATION:

☒ Bond to be set at the discretion of the United States Magistrate Judge.

☐ No bond to be set.

☐ Other (specify):

_____  
The Honorable R. Bryan Harwell  
Chief United States District Judge

7-12-22  
Date